JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
LATEEF H. GRAY, Esq., SBN 250055
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiffs
TONY NUNEZ and the Estate of ANTHONY NUNEZ
by and through its personal representative SANDY SANCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY NUNEZ, individually and as a successor-in-interest to Decedent ANTHONY NUNEZ and THE ESTATE OF ANTHONY NUEZ by and through its personal representative SANDY SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN JOSE, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacities as police officers for the CITY OF SAN JOSE Police Department,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. This case arises out of the wrongful death of Anthony Nunez. On July 4, 2016, Mr. Nunez, while in the midst of a mental health emergency, was shot to death, without lawful cause or legal justification, by members of the San Jose Police Department.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the fatal police shooting of the Decedent, Anthony Nunez.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code § 1983. Title 28 of the United States Code §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of San Jose, County of Santa Clara, California, which is within the judicial district of this Court.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims, which are so related to federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. Decedent ANTHONY NUNEZ (hereinafter "Decedent") was an individual residing in the State of California. Decedent died intestate, unmarried and without children. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent, this action is maintained by THE ESTATE OF ANTHONY NUNEZ by and through its personal representative SANDY SANCHEZ. Decedent's biological mother pre-deceased him.

7. Plaintiff THE ESTATE OF ANTHONY NUNEZ seeks to recover damages for the violation of rights personal to Decedent and this action is maintained by and through its personal representative SANDY SANCHEZ.

8. Plaintiff TONY NUNEZ (hereinafter "Plaintiff Tony Nunez"), is and was at all times herein mentioned the biological father of Decedent. Plaintiff Tony Nunez sues in his individual capacity and as a Successor-in-Interest to Decedent.

9. Defendant CITY OF SAN JOSE (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California, and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Jose Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants, individually and as peace officers.

10. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs allege that Defendants DOES 1 through 25 violated Decedent's civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs further allege that the DOES Defendants violated Plaintiffs' Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of Decedent. Plaintiffs will amend their Complaint to state the true names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend their

Complaint to state the true names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

### ADMINISTRATIVE PREREQUISITES

12. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed a claim against the City of San Jose on October 27, 2016. The City of San Jose has failed to render a decision on Plaintiffs' claim. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.

### PRELIMINARY ALLEGATIONS

13. The City of San Jose is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the California Government Code for the acts and omissions of Defendants DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

14. Plaintiffs allege that the conduct of each defendant deprived Decedent of his constitutional right to life and caused Decedent to suffer grievous harm prior to his death.

15. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia: personally participating in the conduct; or acting jointly and in concert with others who did so; by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct; by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers under their direction and control.

16. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly or severally.

## MONELL ALLEGATIONS

17.     Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiffs as set forth herein. Defendant City bears liability because its policies, practices and/or customs were a cause of Decedent's death and Plaintiffs' injuries. Defendant City and its officials maintained or permitted one or more of the following official policies or customs:

a) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of deadly force;

b) Failure to provide adequate training and supervision to police officers with respect to constitutional limits on the use of force, arrest, search, and detention;

c) Failure to adequately discipline or retrain officers involved in misconduct;

d) Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e) Encouragement of officers in the belief that they can violate the rights of persons, such as Decedent and Plaintiffs, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f) Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the unjustified shooting of Decedent.

## FACTUAL ALLEGATIONS

18.     On July 4, 2016, Decedent was shot to death by unidentified City of San Jose Police officers. At the time of his death, Decedent had been feeling depressed. At some point, Decedent got hold of his family's gun and inflicted a graze wound to his own head. As a result, Decedent's head was bleeding and he was a bit woozy. A family member called 9-1-1 and the operator told the family member to take the gun and hide it. The family member followed the directive of the operator and took the gun to the backyard of the residence. The family member then called 9-1-1 again and informed the operator that he had taken the gun and placed it in the backyard.

19. Eventually, members of the San Jose Police Department arrived at the scene and established a perimeter.

20. Decedent then began to walk in and out of the house, with nothing in his hands and making no furtive gestures that any reasonable officer could construe as threatening. After a period of Decedent walking in and out of the family home, one or more unidentified San Jose Police Officers inexplicably shot Decedent to death.

21. Plaintiffs allege that all police officers in the State of California are required to demonstrate proficiency in responding to, and when feasible, defusing, events involving mentally impaired and suicidal subjects.

The requirements of POST learning domain 37 include:

**Calm the situation**, by using the following tactics:
- Request backup.
- Move slowly.
- When possible, eliminate emergency lights and sirens and disperse any crowd that may have gathered.
- Assume a quiet nonthreatening manner when approaching and conversing with the individual.
- If possible, avoid physical contact if no violence or destructive acts have taken place.
- If possible, explain intended actions before taking action.
- Take time to assess the situation.
- Provide reassurance that officers are there to help.
- Give the person time to calm down.

**Communicate with the person**:
- Keep sentences short.
- Talk with the individual in an attempt to determine what is bothering that person.
- Acknowledge the person's feelings.
- Ask if the person is hearing voices and, if so, what they are saying.
- Avoid topics that may agitate the person.
- Allow time for the person to consider questions and be prepared to repeat them.

Additionally, POST trains police officers, "do not threaten the individual with arrest or in any other manner," explaining that "threats may create additional fright, stress, or potential aggression."

22. The foregoing training requirements were established as a result of California State legislation that became effective as of July 1, 2006, many years before the subject-incident occurred.

Plaintiffs allege that such training is standard nationwide. Plaintiffs allege that the Defendants in this case violated these training standards.

23. Contrary to the assurances of reasonable action and response to Decedent, Defendants failed to use de-escalation tactics to calm the situation and/or summon crisis intervention personnel to the scene. Without adequate warning or just cause, Defendants opened fire on Decedent with their service weapons, striking him multiple times.

24. Plaintiffs allege that at the time Defendants drew their service weapons and shot Decedent, there was no immediate exigency to do so, and doing so violated California POST training as described herein.

25. Decedent's death was proximately caused by the injuries he suffered at the hands of the Defendant City of San Jose Police Officers.

26. Plaintiffs allege that a reasonable officer in Defendants' position would have clearly been on notice that Decedent did not pose a threat of harm to anyone at the time that they needlessly shot him to death.

27. The actions and omissions of Defendant City and the DOE Defendant San Jose Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of Defendant City and/or other jurisdictions.

28. Plaintiffs are informed and believe and thereon allege that Defendant City and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

29. Plaintiffs are informed and believe and thereon allege that members of the San Jose Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using

excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent.

30. Plaintiffs are informed, believe and thereon allege that Defendant City knew or had reason to know, by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

31. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

32. Before filing this action, Plaintiffs made numerous requests for the investigatory records in relation to the death of Decedent. However, the City has refused to produce these records.

## DAMAGES

33. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

34. Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

35. Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived, without due process, of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of any conscious pain and suffering he endured as a result of the violation of his civil rights.

36. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this

action under 42 U.S.C. § 1983 and 1988.

# FIRST CAUSE OF ACTION
## (42 U.S.C. section 1983)
## (Survival Action: Excessive Force)
## (Plaintiff ESTATE OF ANTHONY NUNEZ against Defendants DOES 1-25)

37. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim had he lived.

39. Defendants' unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

41. This use of deadly force was excessive and unreasonable under the circumstances, especially since Decedent never injured or attempted to injure any officer or any other person. Moreover, Decedent was unarmed while he posed no threat of harm. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

42. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

//

//

## SECOND CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Survival Action: Denial of Medical Care)
### (Plaintiff ESTATE OF ANTHONY NUNEZ against Defendants DOES 1-25)

43. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim had he lived.

45. The denial of medical care by Defendants deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

47. Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

48. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of Plaintiff's 14th Amendment Rights/Right to Familial Relationship)
### (Plaintiff Tony Nunez against Defendants DOES 1-25)

49. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50. Plaintiff Tony Nunez had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to,

unwarranted state interference in Plaintiff's familial relationship with his son, Decedent Anthony Nunez.

51. As a result of the excessive force by Defendants, Decedent died. Plaintiff was thereby deprived of his constitutional right of familial relationship with Decedent.

52. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with his familial relationship with Decedent.

53. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of both Decedent and Plaintiff, and acted with purpose to harm, unrelated to any legitimate law enforcement objective.

54. Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff.

55. As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of his natural life.

56. As a result of the conduct of Defendants, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

57. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (*Monell* - Municipal Liability for Unconstitutional Custom or Policy)
### (Plaintiffs Tony Nunez, ESTATE OF ANTHONY NUNEZ and DOES 26-50)

58. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 57 of this Complaint.

59. On information and belief, Defendants DOES 1-25's conduct individually and as peace officers, was ratified by Defendant City's police department supervisorial officers DOES 26-50.

60. On information and belief, Defendants were not disciplined for the killing of Decedent.

61. On and for some time prior to July 4, 2016, and continuing to the present day, Defendants, individually and as peace officers, deprived Plaintiffs and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   a) Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers, who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive and deadly force;

   b) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants, who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c) Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants, in responding to individuals who were mentally impaired or disabled;

    d) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants, who are Police Officers of City;

    e) By failing to discipline City Police Officers for their unlawful conduct, including but not limited to, unlawful detention and excessive and deadly force;

    f) By ratifying the intentional misconduct of Defendants and other officers, who are Police Officers of City;

    g) By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    h) By failing to properly investigate claims of unlawful detention and excessive force by City Police Officers.

62. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity, for which Plaintiffs are entitled to recover damages.

63. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

64. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65. Furthermore, the policies practices, and customs implemented, maintained and still tolerated by Defendants, individually and as peace officers, were affirmatively linked to and were significantly influential forces behind the injuries of Decedent and Plaintiffs.

66. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts, benefits and financial support.

67. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

68. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death- Negligence)
### (Plaintiff Tony Nunez, against Defendants DOES 1-25)

69. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 68 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

70. Defendants shot and killed Decedent despite the absence of a threat to any defendant officer or any other person. Because Decedent died intestate, unmarried, and without issue, Plaintiff Tony Nunez is the proper person to sue for his wrongful death under California state law.

71.   Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth above, proximately caused the death of Decedent.

72.   As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff sustained a pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

73.   As a further actual and proximate result of said Defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

74.   Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of California Civil Code §52.1)
(Estate of ANTHONY NUNEZ against Defendants DOES 1-25)

75.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 74 of this Complaint.

76.   Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

77.   As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

78.   Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

79.   Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of reasonable attorney's fees pursuant to Civil Code § 52(a).

80. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

81. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against individual Defendant Officers pled as DOES 1-50 in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For any and all statutory damages allowed by law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated: July 2, 107

/s/ *John L. Burris*
John L. Burris
Attorneys for Plaintiffs
TONY NUNEZ and THE ESTATE OF
ANTHONY NUNEZ